UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL R WARD,<br><br>　　　　　　Plaintiff(s),<br>　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　　Defendant(s). | CASE NO. C25-1671-KKE<br><br>ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT |

Following the Clerk of Court's entry of default (Dkt. No. 11) and Plaintiff Michael R. Ward's ("Ward") motion for default judgment (Dkt. No. 14), Defendant Amazon.com Services LLC ("Amazon") now moves to set aside the entry of default. Dkt. No. 16. For the reasons set forth below, the Court grants Amazon's motion to set aside default, and denies as moot Ward's motion for default judgment.

## I. BACKGROUND

Ward worked as a software development engineer at Amazon from August 2020 until 2025. Dkt. No. 1 at 2. Following receipt of a notice of right to sue from the U.S. Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 1-3), Ward, representing himself, filed this lawsuit on August 29, 2025, alleging disability discrimination and failure to accommodate under the Americans with Disabilities Act and retaliation and interference under the Family and Medical Leave Act. *Id.* at 5–6. On September 8, 2025, Ward filed proof that he served

ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT - 1

Amazon with his complaint on September 4, 2025. Dkt. Nos. 6, 6-1. On September 26, 2025, after Amazon failed to appear or timely file responsive pleadings, Ward moved for entry of Amazon's default. Dkt. No. 7. The Clerk of Court subsequently entered default pursuant to Federal Rule of Civil Procedure 55(a). Dkt. No. 11. The next day, Amazon appeared and answered the complaint. Dkt. Nos. 12, 13. The same day, Ward moved for default judgment. Dkt. No. 14. Amazon alleges that Ward did not serve his motion for entry of default prior to the Clerk entering default. Dkt. No. 16 at 2.

Two days after default was entered, Amazon filed a motion to set aside the Clerk's entry of default under Federal Rule of Civil Procedure 55(c). Dkt. No. 16. Amazon alleges that a breakdown in its usual case intake process resulted in the assigned outside counsel not receiving actual notice of service of the complaint until October 14, 2025. Dkt. No. 16 at 3–4, 8–9; Dkt. No. 19 ¶ 3; Dkt. No. 20 ¶ 2. In a typical case, Amazon "us[es] a registered agent for service of process, CSC, to help ensure that legal documents, such as civil complaints, are routed appropriately[.]" Dkt. No. 16 at 3. Once CSC routes the complaint to Amazon's legal intake, "if the matter is to be assigned to outside counsel, the in-house attorney informs the assigned paralegal of the outside counsel to whom the matter will be assigned." *Id.* At that point, either the in-house counsel, paralegal, or both, must notify outside counsel of the case assignment. *Id.* In this case, Amazon's in-house senior counsel admitted that "due to inadvertence and oversight alone" neither she nor the intake paralegal notified outside counsel assigned to handle the case, or anyone at his law firm, about Amazon being served with the complaint. Dkt. No. 19 ¶ 6. Amazon's litigation paralegal added that Amazon's "failure to timely respond to the Complaint … was completely unintentional and not in bad faith," and was "an isolated instance that occurred despite the internal corporate protocol in place to prevent such an occurrence." Dkt. No. 20 ¶ 7. Amazon also represents that its outside counsel "immediately sprang into action" to correct deficiencies by promptly entering

an appearance, filing an answer, and moving to set aside default as soon as it became aware of the case. Dkt. No. 16 at 3, 9.

The motion to set aside the Clerk's entry of default is now ripe for decision. *See* Dkt. Nos. 16, 22, 24.

## II.   ANALYSIS

### A.   Legal Standard

A "court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation modified). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984).

   1. <u>Amazon's conduct is not culpable.</u>

A party's conduct is culpable where it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original). "'[I]ntentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather … the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* "[S]imple carelessness is not sufficient to treat a

negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.*

Amazon asserts that its case intake breakdown was "inadvertent," rather than intentional, and thus, its actions are not culpable. Dkt. No. 16 at 8. Ward counters that Amazon's conduct is culpable because it has, in two other cases, cited the same breakdown in its intake and case assignment processes to "escape a default." Dkt. No. 22 at 3–5. In Ward's view, that Amazon's process has broken down in three separate instances amounts to "systemic" and "willful negligence," and an "intentional disregard of a known federal deadline[.]" *Id.*

The Court finds that Amazon's default was not intentional, but rather, the result of carelessness and negligence. This is because Amazon's actions are "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Amazon's failure to timely appear in the case was inadvertent, and, as soon as Amazon's outside counsel became aware of the action, it promptly filed a notice of appearance, answer to the complaint, and a motion to set aside default. Dkt. Nos. 12, 13, 16. Ward's argument on culpability fails to consider the Ninth Circuit's definition of "intentional" in this particular context. Despite Ward's contention, there are no facts here that suggest Amazon's delay was driven by any intent to take advantage of Ward, interfere with the Court's decision making, or otherwise manipulate the legal process.

Thus, there is no evidence Amazon engaged in culpable conduct such that entry of default should not be set aside.

    2.   <u>Amazon raises sufficient facts that, if true, would constitute a defense.</u>

The second factor, a meritorious defense, requires Amazon to "present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094 (citing *TCI Grp.*, 244 F.3d at 700). This burden "is not extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. The court does not determine whether the factual allegations are true when it decides the motion to set aside the default. *Id.*

Amazon alleges Ward "has failed to state any valid claim against [it]" because its actions "were undertaken for legitimate, non-discriminatory and non-retaliatory reasons; namely, because Plaintiff was not meeting performance standards." Dkt. No. 16 at 10. Amazon also directs the Court to its answer (Dkt. No. 12), which "asserts various affirmative defenses to each of Plaintiff's purported claims." Dkt. No. 16 at 10. Those defenses include that Ward entered a valid and enforceable arbitration agreement, that Ward brought this action in the wrong forum and venue, and insufficient service of process, among others. *See* Dkt. No. 12 at 8–12. In a declaration, counsel for Amazon included a copy of the signed arbitration agreement, as well as correspondence with Ward about the agreement. Dkt. No. 18 at 14–15, 44.

Ward argues that Amazon waived its arbitration defense, citing *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). Dkt. No. 22 at 6. He asserts that Amazon's answer was a "clear and definitive step to litigate this case in federal court," and constitutes a waiver of the right to arbitrate. *Id.* (citing *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 470–71 (9th Cir. 2023)). Therefore, according to Ward, Amazon fails to set forth any meritorious defense. Crucially, Ward fails to cite to any authority to support that an answer to a complaint—which asserts an enforceable arbitration agreement as a defense—amounts to waiver of the right to arbitrate. Instead, in *Hill*, the Ninth Circuit found a party waived its right to arbitrate where it chose to raise the "defense

ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT - 5

only after engaging in six years of merits litigation[.]" *Id.* at 481.  In stark contrast, here, contemporaneously with its appearance, Amazon raised the arbitration defense in both its answer (Dkt. No. 12 at 8) and its motion to set aside default (Dkt. No. 16 at 6–7, 10).  In addition, on October 15, 2025, counsel for Amazon emailed Ward a copy of the signed arbitration agreement (Dkt. No. 18 at 44), and requested Ward stipulate to a dismissal or stay of this case and pursue his claims in arbitration pursuant to the agreement's terms.  Dkt. No. 18 at 14–15.  In an email reply, Ward acknowledged receipt of the agreement, but did not agree to arbitrate.  *Id.* at 46.

Taken as true, Amazon's allegations that its actions were non-retaliatory and non-discriminatory, and that Ward signed a binding arbitration agreement, constitute a defense to Ward's claims.  Therefore, the "meritorious defense" factor also favors setting aside the entry of default.

    3.  <u>Setting aside entry of default is not prejudicial.</u>

To be prejudicial, setting aside an entry of default must result in greater harm than simply delaying the resolution of the case.  *TCI Grp.*, 244 F.3d at 701.  "[T]he standard is whether plaintiff's ability to pursue his claim will be hindered."  *Id.* (citation modified).  "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  *Id.*  (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).  Merely "being forced to litigate on the merits" is not considered prejudice.  *Id.*

Ward argues that "Amazon's procedural failures have forced Plaintiff to expend significant time and resources researching and drafting three separate filings," resulting in a "delay[] [of] the resolution of Plaintiff's civil rights claims," "prevent[ing] Plaintiff from conducting any discovery, precluding participation in the Rule 26(f) conference," and causing him to spend 100 hours researching and drafting various filings.  Dkt. No. 22 at 7–8.  Ward cites no authority to support

that the circumstances in this case are prejudicial. That Ward must litigate on the merits is not prejudicial, nor is "the mere possibility of prejudice from delay, which is inherent in every case[.]" *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985)). Because Ward's cited harm is not "greater harm than simply delaying resolution of the case," this factor supports setting aside entry of default. *Mesle*, 615 F.3d at 1095.

Because all three "good cause" factors favor vacating the entry of default, the Court grants Amazon's motion to set aside default, vacates the entry of default, and denies as moot Ward's motion for default judgment.

**B.      Ward's Request for Fees is Denied**

Ward requests that the Court order Amazon to "reimburs[e] Plaintiff for attorneys' fees, costs, or—if pro se—the reasonable value of Plaintiff's time spent preparing and filing" his motion for entry of default, motion for default judgment, and the opposition brief. Dkt. No. 22 at 8 (citing *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydroelec*, 854 F.2d 1538, 1546–47 (9th Cir. 1988)); *see also* Dkt. No. 23 (Ward's declaration detailing time spent on various aspects of this case).

The Ninth Circuit has held that under some circumstances, "it is appropriate to condition setting aside a default upon the payment of a sanction." *Nilsson*, 854 F.2d at 1546–47. "By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Id.* at 1546 (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2700 (1983)). "[T]he most common type of prejudice is the additional expense caused by the delay, the hearing on the Rule 55(c) motion, and the introduction of new issues." *Id.*

In *Nilsson*, the defaulting defendants "followed a deliberate, willful, studied course of frustrating plaintiff's attempts at discovery, complicating proceedings, and ignoring court orders," and the district court "observed that it had lifted three entries of default, imposed four orders for money sanctions … for failure to comply with discovery requests and court orders, and held numerous hearings on motions to comply with discovery requests." *Id.* at 1547. Based on this prolonged, egregious conduct, the *Nilsson* court found it appropriate to condition the setting aside of a default judgment upon imposition of a sanction. *Id.* None of the factors that influenced the district court to condition setting aside default judgment on imposition of a sanction in *Nilsson* are present here. Upon learning about the case, Amazon's outside counsel took immediate steps to defend the lawsuit. And in contrast to *Nilsson*, here, Ward himself has in some ways further extended these proceedings, both by failing to serve Amazon with his motion for entry of default, and by filing a motion for default judgment after Amazon sent him notice of its appearance in the case and a copy of its answer via email. Dkt. No. 16 at 4; *see also Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 675 (D. Haw. 2008) (setting aside award of sanctions by magistrate judge, noting that Plaintiff "caused both parties to incur unnecessary costs" in part by challenging a motion to set aside default "in spite of having almost no possibility of defeating the motion.").

Thus, Plaintiff's request for fees is denied.

### III. CONCLUSION

Amazon's motion to set aside default is GRANTED. Dkt. No. 16. Ward's motion for default judgment is DENIED as moot. Dkt. No. 14. The Clerk is instructed to vacate the entry of default against Amazon. Dkt. No. 11.

Amazon's answer to the complaint (Dkt. No. 12) shall be construed as validly and effectively filed as of October 15, 2025.

ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT - 8

The Court will issue initial case deadlines shortly.

Dated this 10th day of December, 2025.

                                              Kymberly K. Evanson
                                              United States District Judge